# Exhibit A

FILED

2023 MAY 26 AM 8:55

MCKENZIE A. CAMPBELL
COUNTY CLERK
ASOTIN COUNTY, WA

IN THE SUPERIOR COURT FOR THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF ASOTIN

STEVEN ECKHART, a single person,

        Plaintiff,

v.

ASOTIN COUNTY, ASOTIN COUNTY SHERIFF'S OFFICE, ASOTIN COUNTY SHERIFF JOHN HILDERBRAND, ASOTIN COUNTY JAIL, ARTHUR W. MUSSER, individually and in his professional capacity, DEVIN WEBBER, individually and in his professional capacity,

        Defendants.

Case No. 23-2-00082-02

**COMPLAINT FOR DAMAGES**

COMES NOW, Plaintiff STEVEN ECKHART, by and through his attorney of record, Douglas D. Phelps of PHELPS & ASSOCIATES, P.S., and hereby alleges the following against the above-named Defendants:

## I. INTRODUCTION

1.1. The Plaintiff, Steven Eckhart, alleges claims and damages against the above-named Defendants for negligence, violations of Steven Eckhart's rights as provided for in the United States Constitution and the Washington State Constitution, *respondeat superior*, and

COMPLAINT FOR DAMAGES - 1

Phelps & Associates, P.S.
2903 N. Stout Rd.
Spokane, WA 99206
ph. 509.892.0467

intentional infliction of emotional distress. The claims against the Defendants herein named, Asotin County Jail, Asotin County Sheriff John Hilderbrand, Arthur W. Musser and Devin Webber deprived Steven Eckhart of his substantive due process right to bodily integrity under the Fourteenth Amendment to the United States Constitution; and as a result of the actions and inactions of these Defendants did in fact cause Mr. Steven Eckhart to suffer.

## II. PARTIES, JURISDICTION, AND VENUE

2.1     <u>Plaintiff</u>. Plaintiff Steven Eckhart is, and was at all relevant times hereto, a United States citizen residing in Asotin County, Washington. Plaintiff is hereinafter referred to as "Plaintiff" or "Eckhart".

2.2     <u>Defendants</u>. Upon information and belief, all defendants are believed to reside in Asotin County, Washington. Defendants Asotin County Sheriff John Hilderbrand, Sgt. Arthur Musser and Devin Webber (hereinafter referred to as "Defendants") were correctional officers employed by Asotin County relevant to this action. The Defendant Officers' actions complained of herein were done in the course of their employment for the Asotin County Jail and were done for the benefit of the Asotin County Jail.

2.3     <u>Defendants</u>. Defendants Asotin County Sheriff's Office and Asotin County jail is are governmental entities located in Asotin County, Washington.

2.4     All acts and omissions complained of herein occurred in Asotin County, Washington.

2.5     <u>Jurisdiction</u>. This Court has jurisdiction of this cause under 28 U.S.C. § 1331 states that the district courts shall have original of all civil actions under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1343(a)(1) states that the district courts

shall have original jurisdiction of any civil action authorized by law to be commenced by any person to recover damages for injury to his person or property or for the deprivation of right or privilege of a citizen of the United States.

2.6    Venue. The venue is proper in the Eastern District of the State of Washington under 28 U.S.C. § 1391 because all of the Defendants and the Plaintiff resides in, and the cause of action arises in, the Eastern District of Washington.

### III. FACTUAL HISTORY

3.1    Steven Eckhart was incarcerated at the Asotin County Jail on or about May 30, 2021.

3.2    On or about May 30, 2021, Sgt. Arthur Musser and Deputy Devin Webber were employed as correctional staff at the Asotin County Jail.

3.3    On or about May 30, 2021, Defendant Musser was on duty at the Asotin County Jail when he alleged that Plaintiff Steven Eckhart was being disruptive by kicking doors and messing with locks.

3.4    On or about May 30, 2021, Defendant Webber was on duty at the Asotin County Jail and observed Steven Eckhart talking with another inmate via a webcam. He turned on the nearby microphone to listen to the conversation.

3.5    Defendant Webber overheard Steven Eckhart saying something to the effect of he was going to kill himself. Webber then notified Musser of the conversation and Musser put Eckhart in a holding cell.

COMPLAINT FOR DAMAGES - 3

3.6     A Quality Behavioral Health medic was called to talk with Eckhart. After the conversation, the medic recommended that Eckhart be placed on suicide watch. Eckhart was required to change into a suicide smock, which is made of rip resistant material.

3.7     Eckhart refused to change in the holding cell due to privacy concerns. At Eckhart's request, Defendant Musser then moved Eckhart to an isolation cell to change.

3.8     Eckhart could see other inmates outside his cell, so he requested that Defendant Musser place a black curtain in the window of the cell for added privacy. Musser refused, stating that he was not going to do that. Eckhart made the request for the privacy curtain again.

3.9     Eckhart sat down on a bench in his cell that was along the wall opposite to the door to his cell while Defendant Musser stood in the doorway of the cell.

3.10    Musser then shot Eckhart in the chest with his taser gun while Eckhart was still seated. Eckhart flinched, jerked backwards, and bounced off the bench before falling forward off the bench. Eckhart laid prone and face down on the floor.

3.11    Eckhart did not receive a warning before the taser was deployed.

3.12    Defendant Musser walked into the cell and placed the taser on Eckhart's right calf while Eckhart still lay face down and prone on the floor. Defendant Musser activated the taser twice while the taser was still on Eckhart's right calf.

3.13    Eckhart then began batting his hands behind his back, at which point Defendant Musser ran towards the door of the cell and slammed the door shut. Eckhart got up and ran to the door.

COMPLAINT FOR DAMAGES - 4

3.14    Defendant Webber watched the entire incident via video from the control room.

3.15    After the incident, Eckhart reported that his foot was sore and that his face hurt. It was later determined that a taser wire was wrapped around his head.

3.16    Eckhart had asked the jail multiple times to start an investigation into Musser and the incident. All of Eckhart's requests were denied.

3.17    It was not until March 31, 2022, nearly 10 months later, that Detective Kristopher Schmidt with the Nez Perce County Sheriff's Department was assigned to do an investigation into this incident.

3.18    The Asotin County Jail destroyed most of the videos relating to the incident because the jail videos had passed their retention period. Detective Schmidt was able to view one video from the holding cell.

3.19    Video surveillance seen by Detective Schmidt shows Eckhart sitting on the bench inside the isolation cell when Musser pulled out his taser and shot Eckhart in the chest. Detective Schmidt observed Eckhart fall to the ground, Musser walk into the cell, and activate his taser two more times while Eckhart lay on the floor.

3.20    Both Detective Schmidt's report and Defendant Webber stated that Eckhart was not making aggressive movements and was seated when Defendant Musser deployed his taser for the first time.

3.21    When Webber was interviewed by Detective Schmidt on May 11, 2022, he stated that he was watching the incident on camera at the time of the tasering.

3.22 Webber stated Musser tased Eckhart while he was seated on the bench inside the cell and denied that Eckhart was displaying any type of aggressive behavior.

3.23 Webber told Detective Schmidt that Eckhart could be verbally hostle but was not aware of any physically aggressive incidents

3.24 The Asotin County Jail requires that a use of force report is completed by the officer involved in the use of force. Webber wrote a jail log about the incident and use of force on May 30, 2021. The jail log is not a use of force report but was later determined to be sufficient. Webber's jail log indicated that he was watching the camera during the incident and that Eckhart was waving his arms around and pointing his finger at Musser. Defendant Webber then quoted Defendant Musser in his report, saying that Eckhart was being aggressive.

3.25 Webber's jail log contracticted his statements to Detective Schmidt because he told Detective Schmidt that Eckhart was not displaying any type of aggressive behavior.

3.26 Detective Schmidt interviewed another inmate, William Huddleston, was in a hallway approximately 30 feet away during the incident. Huddleston told Detective Schmidt that Eckhart did not want to put the smock on with the door open for all inmates to see, that Eckhart asked Musser to shut the door and put a curtain up, and that Musser stated, "come on motherfucker, before pulling out his taser and shooting Eckhart. Huddleston heard the taser as it deployed.

3.27 Captain Nate Uhlorn watched the one surviving video of the incident and told Detective Schmidt that, in his opinion, it was "not a good use of force".

COMPLAINT FOR DAMAGES - 6

Phelps & Associates, P.S.
2903 N. Stout Rd.
Spokane, WA 99206
ph. 509.892.0467

3.28   Detective Schmidt concluded his report by stating that there is probable cause that Defendant Musser committed Assault in the Second Degree, a class B felony, on Eckhart on May 30, 2021.

### IV. FIRST CAUSE OF ACTION: VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS PURSUANT TO THE CONSTITUTION OF THE UNITED STATES AND THE WASHINGTON STATE CONSTITUTION (Against all Defendants)

Plaintiff Steven Eckhart re-alleges and incorporates paragraphs 3.1 to 3.28 as paragraphs 4.1 to 4.28.

4.29   The Defendants acted with reckless and callous indifference to Steven Eckhart's rights and failed to prevent injury to Steven Eckhart, which is a violation of his rights pursuant to Article I Section 3, 7, 14, and 35 of the Washington State Constitution and the Fourth, Eighth, and Fourteenth Amendments to the Constitution of the United States.

4.30   Defendant Musser unlawfully and used excessive force against Steven Eckhart by deploying his taser three times without provocation, in violation of the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution.

4.31   Defendant Musser physically assaulted Steven Eckhart and used unnecessary and excessive force in violation of the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution.

4.32   That Asotin County Jail, Asotin County Sheriff John Hilderbrand and Asotin County Sheriff's Department by custom, policy, or practice caused the deprivation of Steven Eckhart's rights by using force beyond that which is necessary to subdue non-violent

suspects, and such action is sanctioned by superiors within the Department. Asotin County is the moving force depriving Steven Eckhart of his constitutional rights.

4.33   That as a result of the violation to Steven Eckhart's Washington State and United States Constitutional Rights, Steven Eckhart suffered and continues to suffer injuries stemming from having a taser deployed on his person three times.

## V. SECOND CAUSE OF ACTION: EXCESSIVE FORCE & ASSAULT/BATTERY

(Against Defendant Musser and Webber)

Plaintiff Steven Eckhart re-alleges and incorporates paragraphs 3.1 to 3.28 as paragraphs 5.1 to 5.28.

5.29   The physical force used by Defendant Musser against Steven Eckhart that caused bodily harm was an unjustified use of excessive force.

5.30   That Steven Eckhart was not showing any signs of being combative, threatening, or using physical force to justify Defendant Musser deploying a taser three times.

5.31   Steven Eckhart had a clearly established constitutional right to not have a taser deployed on him when he posed no immediate threat to the safety of officers or others.

5.32   That Defendant Musser's actions were outside the scope of necessary and objectively reasonable force that should have been used against an inmate who was not showing any signs of being combative or threatening.

5.33   Defendant Musser intentionally, viciously, and unjustifiably caused Steven Eckhart's injuries. Defendant Musser's actions put Steven Eckhart in fear of imminent unwanted touching, which constituted an assault.

COMPLAINT FOR DAMAGES - 8

Phelps & Associates, P.S.
2903 N. Stout Rd.
Spokane, WA 99206
ph. 509.892.0467

5.34 Defendant Webber failed to stop Defendant Musser during the assault and failed to protect Steven Eckhart from being harmed, even though he was watching the entire incident on the security cameras from the control room and heard the entire altercation.

5.35 The acts and/or omissions by Defendants Musser and Webber constituted an unlawful battery.

## VI. THIRD CAUSE OF ACTION: AGENCY THEORY (against Defendants Asotin County, Asotin County Jail, Asotin County Sheriff, and Asotin County Sheriff's Department)

Plaintiff Steven Eckhart re-alleges and incorporates paragraphs 3.1 to 3.28 as paragraphs 6.1 to 6.28.

6.29 That Asotin County and Asotin County Sheriff John Hilderbrand are liable for the actions of its agents, Asotin County Jail and Asotin County Sheriff's Department, when they, by custom, policy, or practice encouraged the violent acts of their employees.

6.30 That as a result of the actions or inactions of Asotin County, Asotin County Sheriff's Department, Asotin County Jail, and Asotin County Sheriff John Hilderbrand, Steven Eckhart suffered and continues to suffer injury as a result of the excessive force used by Defendant Musser. Steven Eckhart continues to suffer from his injuries, which include but are not limited to physical, psychological, and emotional injuries.

## VII. FOURTH CAUSE OF ACTION: DOCTRINE OF *RESPONDEAT SUPERIOR* (against Defendants Asotin County, Asotin County Jail, Asotin County Sheriff, and Asotin County Sheriff's Department)

Plaintiff Steven Eckhart re-alleges and incorporates paragraphs 3.1 to 3.28 as paragraphs 7.1 to 7.28.

7.29 Asotin County, Asotin County Jail, Asotin County Sheriff John Hilderbrand, and Asotin County Sheriff's Department, according to *respondeat superior*, are responsible for the actions of its employees that fall under the scope of their employment. Defendants Musser and Webber were acting within the scope of their employment as guards at the Asotin County Jail when they violated Steven Eckhart's rights and in doing so, neglected to provide Steven Eckhart with due process and failed to prevent Steven Eckhart's injuries.

7.30 That as a direct and proximate result of the aforesaid negligence and carelessness of the defendants, Steven Eckhart suffered and will continue to suffer from future complications resulting from this incident, including but not limited to, additional medical expenses and procedures, physical and psychological pain, emotional damages, and diminished quality of life.

## VIII. FIFTH CAUSE OF ACTION: NEGLIGENT TRAINING, RETENTION AND SUPERVISION

(against Defendants Asotin County, Asotin County Jail, Asotin County Sheriff, and Asotin County Sheriff's Department)

Plaintiff Steven Eckhart re-alleges and incorporates paragraphs 3.1 to 3.28 as paragraphs 8.1 to 8.28.

8.29 Asotin County, Asotin County Sheriff's Department, Asotin County Jail, and Sheriff John Hilderbrand are liable for the actions of their correctional employees for failing to train said employees in procedures involving proper interactions with inmates, de-

escalation techniques, and training to prevent the use of excessive force, which resulted in Steven Eckhart's injuries.

8.30    Asotin County, Asotin County Sheriff's Department, Asotin County Jail, and Sheriff John Hilderbrand had a duty as the supervisors of Defendants Musser and Webber to exercise due care in the supervision of subordinate employees.

8.31    In addition, Sheriff John Hilderbrand had a duty to properly screen, hire, train, monitor, supervise, and/or discipline subordinate employees employed by Asotin County. Sheriff Hilderbrand had a further duty to ensure that employees of Asotin County Sheriff's Department and Asotin County Jail were aware of and guided by appropriate policies and procedures to respect the constitutional rights of citizens and avoid causing unnecessary harm.

8.32    Sheriff John Hilderbrand, as supervisor of Defendants Musser and Webber, had an affirmative duty to intercede on behalf of Steven Eckhart during Defendant Musser and Webbers' reckless, willful, and wanton misconduct and deprivation of Steven Eckhart's civil rights.

8.33    Sheriff John Hilderbrand had numerous opportunities to supervise and discipline Officers Webber and Musser during the ten months that Steven Eckhart begged for an investigation.

8.34    Sheriff John Hilderbrand breached the foregoing duties by failing to adopt proper policies, procedures and protocols, by failing to implement appropriate training, by failing to adequately investigate and discipline Defendants Musser and Webber, by failing to conduct mandatory post-incident investigations, and by failing to take other appropriate

supervisory actions which would have prevented the deprivation of the clearly established constitutional rights of Steven Eckhart.

8.35   Sheriff John Hilderbrand breached his duty to appropriately investigate and discipline Defendants Musser and Webber when he failed to enforce the Asotin County Jail's use of force policy that required the officer involved (in this case, Defendant Musser) to write an incident report. Here, Defendant Webber wrote the incident report, not Defendant Musser, even though Defendant Webber was an observer from the control room.

8.36   Sheriff John Hilderbrand's failures to act, described above, constituted personal involvement violating Steven Eckhart's constitutional rights and causing the injuries and damages described herein. In so doing, Sheriff John Hilderbrand acted knowingly or with deliberate indifference to the constitutional violations.

8.37   Sheriff John Hilderbrand's acts and omissions, as described herin, were the direct and proximate cause of Steven Eckhart's injuries and subsequent related damages, as set forth herin.

8.38   That as a result of the actions and inactions of the employees of Asotin County, Asotin County Sheriff's Department, Asotin County Jail, and Asotin County Sheriff John Hilderbrant, Steven Eckhart suffered and continued to suffer injury.

8.39   That Asotin County, Asotin County Sheriff's Department, Asotin County Jail, and Asotin County Sheriff John Hilderbrant failed to adequately and fully train, supervise, and discipline its employees, resulting in Steven Eckhart's injuries.

8.40   That Asotin County, Asotin County Sheriff's Department, Asotin County Jail, and Asotin County Sheriff John Hilderbrant encouraged its employees' actions by custom,

policy, and practice of not removing its unnecessarily violent employees and failing to discipline its employees.

### IX. SIXTH CAUSE OF ACTION: COMMON LAW NEGLIGENCE

(Against all Defendants)

Plaintiff Steven Eckhart re-alleges and incorporates paragraphs 3.1 to 3.28 as paragraphs 9.1 to 9.28.

9.29  These allegations for common law negligence under state law share and arise out of a common nucleus of operative facts with all other causes of actions asserted herein.

9.30  At all material times, all Defendants, jointly and severally, owed duties to Plaintiff to act with ordinary care in the execution and enforcement of any right law, or legal obligation.

9.31  At all material times, these duties of ordinary care included but were not limited to the following:

    a. To refrain from using excessive and/or unreasonable force;

    b. To refrain from unreasonably creating as situation where force, including but not limited to, deadly force, was used;

    c. To refrain from abusing their authority granted them under law;

    d. To refrain from violating Plaintiff's rights guaranteed by the United States and Washington Constitution, as set forth above, and as otherwise protected by law.

9.32  At all material times, Defendants' duty to exercise ordinary care included but were not limited to the following specific obligations:

COMPLAINT FOR DAMAGES - 13

Phelps & Associates, P.S.
2903 N. Stout Rd.
Spokane, WA 99206
ph. 509.892.0467

a. To properly and adequately hire, investigate, train, supervise, monitor, evaluate, and discipline their employees, agents, and/or law enforcement officers to ensure that those employees/agents/officers at all times in the public interest and in conformance with the law;

b. To make, enforce, and at all times act in conformance with policies and customs that are lawful and protective of individual rights, including Plaintiff's;

c. To refrain from making, enforcing, and/or tolerating the wrongful policies and customs set forth herein.

9.33 Through their acts and omissions, Defendants breached each and every one of the aforementioned duties owed to Steven Eckhart.

9.34 At all material times, Defendants Musser and Webber acted under color of law in their capacity as and as employees of Asotin County, Asotin County Jail, Asotin County Sheriff John Hilderbrand, and Asotin County Sheriff's Department.

9.35 Asotin County, Asotin County Jail, Asotin County Sheriff's Department, Asotin County Sheriff John Hilderbrand were negligent and breached its duty of ordinary care to Plaintiff.

9.36 Asotin County, Asotin County Jail, Asotin County Sheriff's Department, Asotin County Sheriff John Hilderbrand failed to prevent injury to Plaintiff John Hays in violation of their common law duty to properly train law enforcement staff in how to apprehend suspects without escalating the level of violence unnecessarily endangering and injuring John Hays.

9.37    Asotin County, Asotin County Jail, Asotin County Sheriff's Department, Asotin County Sheriff John Hilderbrand failed to train law enforcement staff, including Defendants Musser and Webber to avoid violating a reasonable duty of care.

9.38    Defendant Webber acted negligently and with reckless disregard by failing to intervene or to stop Defendant Musser's use of excessive force in tasering Steven Eckhart without provocation three times.

9.39    Defendant Musser failed in his duty to protect Steven Eckhart by escalating to excessive force and deploying his taser three times, when Steven Eckhart was not resisting arrest or acting in a threatening manner. Defendant Musser deployed his taser twice while Steven Eckhart was face down on the floor, motionless.

9.40    As a result of Defendant Musser and Defendant Webber's actions and inactions, Steven Eckhart was injured.

9.41    By failing to investigate and discipline Defendant Musser and Defendant Webber, Asotin County, Asotin County Jail, Asotin County Sheriff's Department, Asotin County Sheriff John Hilderbrand acted to deny John Hays protection from excessive force from Defendant Musser.

9.42    As a direct and proximate cause of all the Defendants' negligence, Steven Eckhart sustained injuries and damages, and against each and every Defendant is entitled to relief as set forth herein.

## X. SEVENTH CAUSE OF ACTION: OUTRAGE; INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
(Against Defendant Musser)

COMPLAINT FOR DAMAGES - 15

Phelps & Associates, P.S.
2903 N. Stout Rd.
Spokane, WA 99206
ph. 509.892.0467

1  Plaintiff Steven Eckhart re-alleges and incorporates paragraphs 3.1 to 3.28 as paragraphs
2  10.1 to 10.28.

3      10.29  When Defendant Musser attacked Steven Eckhart, as described herein, he
4  intended to inflict emotional distress, or he knew or should have known that there was a high
5  probability that his conduct would cause emotional distress and he deliberately disregarded
6  that probability.

7      10.30  Defendant Musser's conduct went beyond all bounds of decency and was
8  utterly intolerable in a civilized community such that no reasonable person could be expected
9  to endure because he attacked Steven Eckhart three times without provocation.

10      10.31  Defendant Musser's conduct in tasing Steven Eckhart twice while Mr. Eckhart
11  was lying prone on the ground, face down, and motionless was absolutely intolerable and
12  beyond all bounds of decency.

13      10.32  Defendant Musser's conduct constituted intentional infliction of emotional
14  distress and outrage.

## XI. PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays for judgment against the Defendants, jointly and severally, in an amount that will fairly compensate the Plaintiff for all damages sustained, costs, and reasonable attorneys' fees and costs, interest calculated at the maximum amount allowable by the law, and any other relief the Court deems just, including but not limited to:

    a. Past and future medical expenses.

    b. Past and future emotional and psychological counseling costs.

    c. Past and future loss of earnings.

COMPLAINT FOR DAMAGES - 16

    d. Permanent and partial impairment of earnings and earning capacity.

    e. Pain and suffering.

    f. Past and future permanent and partial disability.

    g. Loss of enjoyment of life.

    h. Past and future special damages.

    i. Interest calculated at the maximum amount allowable by law, including prejudgment interest.

    j. Injunctive relief to prevent future actions to protect others similarly situated.

    k. Punitive damages.

    l. Actual or compensatory damages.

    m. Nominal damages.

    n. Attorneys' fees and cost.

    o. Cost and disbursements herein in an amount to be proven at the time of trial.

    p. Such other relief as the Court believes is equitable and just.

## XII. DEMAND FOR JURY

Plaintiff hereby demands a trial by jury on all claims and issues so triable.

DATED this 23rd day of May, 2023.

_____
Douglas D. Phelps, WSBA#22620
Attorney for Plaintiff

COMPLAINT FOR DAMAGES - 17

Phelps & Associates, P.S.
2903 N. Stout Rd.
Spokane, WA 99206
ph. 509.892.0467

STATE OF WASHINGTON   )
                      : ss
County of Asotin      )

STEVEN ECKHART, being first duly sworn on oath, deposes and states:

I am the named Plaintiff herein, I have read the foregoing Complaint for Damages, I know the contents thereof, and I believe the same to be true and correct.

*Steve Eckhart*
STEVEN ECKHART

SUBSCRIBED AND SWORN TO before me this 20th day of ~~April~~ May, 2023.

_____
NOTARY PUBLIC for the State of Washington
Residing at Spokane, WA
My Commission expires: 6/19/23

AMANDA SMITH
NOTARY PUBLIC #208165
STATE OF WASHINGTON
COMMISSION EXPIRES
JUNE 19, 2023

COMPLAINT FOR DAMAGES

Phelps & Associates, P.S.
2903 N. Stout Rd.
Spokane, WA 99206
ph. 509.892.0467